## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| LATASHA OLIVARES,<br><br>     *Plaintiff,*<br><br>v.<br><br>OSCAR MARTINEZ, in His Individual and Official Capacity as Lake County Sheriff; LAKE COUNTY SHERIFF'S DEPARTMENT and TERRY WAYNE SMITH in His Individual Capacity,<br><br>     *Defendants.* | Case No.: 2:20-CV-113<br><br>District Judge: Theresa L. Springmann<br>Magistrate Judge: John E. Martin |

## ANSWER

The Defendant, TERRY WAYNE SMITH, by counsel, Casey J. McCloskey, files the following Answer and Affirmative Defenses:

## <u>PARTIES</u>

1.       Plaintiff, is a resident of Galveston County, Texas, is an African American female age forty (40), was a Court Deputy ("CD") hired by Lake County Sheriff's Department ("LCSD") on January 8, 2018, during the relevant time period and was a permanent employee with the LCSD in the Court Division, a division of the Lake County Sheriff's Department under the Lake County Government.

**ANSWER:**  Defendant ADMITS the Plaintiff was employed by Lake County, Indiana as a Court Deputy ("CD"), and hired by the Lake County Sheriff's Department ("LCSD") on January 8, 2018, but are without sufficient information and/or knowledge to admit or deny the remaining allegations contained in this paragraph.

2.      At all times relevant, Plaintiff's employer, pursuant to Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. sec 2000 (et. seq) is the Court Division of the Lake County Sheriff's Department, under the Lake County Government, Oscar Martinez, Sheriff.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #2 of Plaintiff's Complaint.

3.      All of the acts and failures to act alleged herein were duly performed by and attributable to LCSD, and or any entity acting as a successor, agent, alter ego, employee, indirect employer, joint employer, and integrated enterprise and/or under the direction and control of LCSD. Said acts and failures to act were within the scope of such agency and/or employment, and Defendant participated in, approved and/or ratified the unlawful acts and omissions by other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegations and reference shall also be deemed to mean the acts and failure of LCSD and any other entity acting as a successor, agent, alter ego, employee, indirect employer, joint employer, its integrated enterprise, and/or under the direction and control of LCSD.

**ANSWER:**     Defendant DENIES these allegations contained in rhetorical Paragraph #3 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

4.      This court has original jurisdiction in this action pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e-5, inasmuch as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et. seq.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #4 of Plaintiff's Complaint.

5.      Venue is properly fixed in this Division and District as the race, sex and retaliation violations of Title VII of the Civil Rights Act of 1964 occurred in Lake County, Indiana.

**ANSWER:**    Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #5 of Plaintiff's Complaint.

6.      The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive relief and other relief for illegal employment discrimination. The amount in controversy in this action meets the jurisdictional limits of this Court.

**ANSWER:**    Defendant ADMITS the jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law, but is without sufficient knowledge or information to admit or deny the remaining allegations contained in rhetorical Paragraph #6 of Plaintiff's Complaint.

7.      Plaintiff has complied with all conditions precedent to the filing of this claim required by 42 U.S.C. Section 2000e(5) namely: a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice; the EEOC issued its findings and provided Plaintiff her "Notice of Right to Sue" letter on December 19, 2019, Plaintiff received said letter on or about December 24, 2019, and this action was commenced within 90 days of the EEOC's findings and receipt of said letter.

**ANSWER:**    Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #7 of Plaintiff's Complaint.

## FACTS GIVING RISE TO RELIEF

8.      Prior to her position as a Court Deputy ("Herein "CD"), Plaintiff had four (4) years of law enforcement experience.

**ANSWER:**    Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #8 of Plaintiff's Complaint.

9.      Plaintiff began her tenure as a CD with the Court Division on January 8, 2018 as the only female African American officer in the division. To Plaintiff's knowledge, there have been no African American female CD's hired since Plaintiff's termination.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #9 of Plaintiff's Complaint.

10.     Plaintiff was isolated from the beginning as none of her co-workers would speak to her.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #10 of Plaintiff's Complaint.

11.     During Plaintiff's employment she was the subject of constant rumors of inappropriate sexual activity with her co-workers, including her supervisor Lt. Terry Smith (Lt. Smith), which directly impacted her ability to obtain transfers and frequently led to her being removed from her court assignments.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #11 of Plaintiff's Complaint.

12.     These allegations severely damaged Plaintiff's reputation with her co-workers and superiors.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #12 of Plaintiff's Complaint.

13.     Beginning in February of 2018, Plaintiff was informed of a slanderous rumor that had been started by her supervisor Lt. Smith that she had an inappropriate sexual relationship with him.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #13 of Plaintiff's Complaint.

-4-

14.    The rumors extended beyond Plaintiff's workplace to the patrons of the courthouse as Plaintiff was accused of having a sexual relationship with Lt. Smith by probationers.

**ANSWER:**    Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #14 of Plaintiff's Complaint.

15.    Plaintiff was also continuously the subject of scurrilous rumors that she was engaging in frequent, multiple, inappropriate sexual relationships with her superiors.

**ANSWER:**    Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #15 of Plaintiff's Complaint.

16.    Lt. Smith was frequently the initiator of said slanderous rumors.

**ANSWER:**    Defendant DENIES these allegations contained in rhetorical Paragraph #16 of Plaintiff's Complaint.

17.    As Lt. Smith was Plaintiff's superior, said rumors were accepted as true by many of Plaintiff's coworkers and superiors.

**ANSWER:**    Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #17 of Plaintiff's Complaint.

18.    The rumors of an inappropriate relationship between Plaintiff and Lt. Smith often caused resentment and rifts in Plaintiff's working relationships with coworkers.

**ANSWER:**    Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #18 of Plaintiff's Complaint.

19.    On March 5, 2018, Plaintiff was approached by CD Spiro who stated, "We all know you're Lt. Smith's 'girl' and that he's trying to give you that sergeant position and I've been here longer than you have and I keep getting overlooked" inferring that Plaintiff was receiving favoritism due to an inappropriate relationship with Lt. Smith.

**ANSWER:**    Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #19 of Plaintiff's Complaint.

20.     On March 26, 2018, Plaintiff was informed by a coworker that Lt. Smith told several coworkers that he was sleeping with Plaintiff is Oscar Martinez's campaign office.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #20 of Plaintiff's Complaint.

21.     On May 11, 2018, to remove herself from the situation, Plaintiff reached out to Deputy Warden Cox about transferring to the jail and was given an application.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #21 of Plaintiff's Complaint.

22.     From May 15, through May 18, 2018 Sgt. Foster informed Plaintiff during training that she was "the only Queen Bitch in court security, for some reason females just don't last" and suggested that Plaintiff start looking elsewhere for employment.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #22 of Plaintiff's Complaint.

23.      On May 18, 2018, Lt. Smith engaged in an inappropriate conversation regarding male and female genitalia in the presence of Plaintiff. Lt. Smith then proceeded to ask P. Moton, a male coworker of Plaintiff's if he thought he could "afford a woman" like Plaintiff. P. Moton responded by pulling out money and flashing it. Lt. Smith then stated, "No that's not enough, Plaintiff is the big money type." Lt. Smith then accused Plaintiff of having an inappropriate sexual relationship with another coworker to which Plaintiff responded that she is married and is tired of being accused by Lt. Smith of sleeping with everyone.

**ANSWER:**     Defendant DENIES these allegations contained in rhetorical Paragraph #23 of Plaintiff's Complaint.

24.     On multiple occasions Lt. Smith would state in the presence of Plaintiff and other coworkers that his "Lake County checks were pussy money" used for his conquests with women.

**ANSWER:**   Defendant DENIES these allegations contained in rhetorical Paragraph #24 of Plaintiff's Complaint.

25.     The rumors, comments, and innuendos became progressively worse, and Plaintiff repeatedly rebuffed Lt. Smith's advances and comments, and denied Lt. Smith's claims whenever possible, but feared retaliation if she complained about her superior.

**ANSWER:**   Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #25 of Plaintiff's Complaint.

26.     On multiple occasions Lt. Smith made threats to court personnel and Plaintiff's coworkers that they were not to speak to Plaintiff because she was "his woman."

**ANSWER:**   Defendant DENIES these allegations contained in rhetorical Paragraph #26 of Plaintiff's Complaint.

27.     As a result, multiple coworkers and various court personnel were afraid to speak to Plaintiff for fear of retaliation by Lt. Smith.

**ANSWER:**   Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #27 of Plaintiff's Complaint.

28.     Lt. Smith threatened Plaintiff on multiple occasions that he would "Go to Oscar" and have her terminated if she didn't do as he demanded.

**ANSWER:**   Defendant DENIES these allegations contained in rhetorical Paragraph #28 of Plaintiff's Complaint.

29.     Numerous Court Deputies and court personnel were aware of Lt. Smith's comments, rumors, and innuendos but all expressed that they were afraid to speak up for fear of retaliation.

**ANSWER:**   Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #29 of Plaintiff's Complaint.

30.     As Plaintiff continued to rebuff Lt. Smith's advances, the more pervasive, hostile, toxic and retaliatory Plaintiff's work environment became.

**ANSWER:**   Defendant DENIES these allegations contained in rhetorical Paragraph #30 of Plaintiff's Complaint..

31.      As Lt. Smith's comments and inappropriate remarks and sexual harassment continued to worsen, Plaintiff began to socially distance herself for fear of furthering the rumors.

**ANSWER:**   Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #31 of Plaintiff's Complaint.

32.      On May 23, 2018, at approximately 7:00 am as Plaintiff was entering the Court Division office, Lt. Smith approached Plaintiff and stated, "What's wrong with you, are you and your husband okay? Because you don't speak no more. I'm just wondering because you've been walking around here with this bad fucked up attitude like someone has done something to your ass. I don't see how a motherfucker got the audacity not to speak after you have made they ass. I'm the reason why you're here and that man right there on the wall (referencing Sheriff Oscar Martinez). So, if you have a problem doing your job all I got to do is tell Oscar I'm done with your ass and there won't be any questions after that, now you understand me?"

**ANSWER:**   Defendant DENIES these allegations contained in rhetorical Paragraph #32 of Plaintiff's Complaint.

33.      On May 23, 2018, at approximately 11:00 am, Lt. Smith made good on his earlier threat and stated to Plaintiff, "Get dressed and report to Gary because you are no longer assigned to Crown Point until you learn to get your shit together and realize who runs shit around here. Now that ought to give you some time to work on that attitude if I decide to bring you back."

**ANSWER:**   Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #33 of Plaintiff's Complaint.

-8-

34. In addition to the constant sexual harassment, sex discrimination, and hostile work environment, Lt. Smith placed Plaintiff in dangerous situations that jeopardized her safety, inmate safety and violated LCSD protocol.

**ANSWER:** Defendant DENIES these allegations contained in rhetorical Paragraph #34 of Plaintiff's Complaint.

35. On June 20, 2018, Lt. Smith ordered Plaintiff to transport an inmate from Gary to the Lake County Jail with no restraints or a proper transport vehicle with caging. Lt. Smith further instructed Plaintiff to stay off radio communications during the transport.

**ANSWER:** Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #35 of Plaintiff's Complaint.

36. After Plaintiff processed the inmate and returned to the court security office, Lt. Smith approached Plaintiff and stated, "You're lucky I'm not writing your mother fucking ass up." Lt. Smith then further intimidated Plaintiff by getting into her face and stating, "Your ass is hard headed and you need to do what the fuck I tell you to because I make the decisions if your ass stays or not."

**ANSWER:** Defendant DENIES these allegations contained in rhetorical Paragraph #36 of Plaintiff's Complaint.

37. L. Clemons, court personnel, witnessed the incident and informed Plaintiff per protocol, she was not supposed to transport the inmate alone. L. Clemons further informed Plaintiff that Lt. Smith had received instructions per Chief Patterson that two patrol officers were sent to handle the inmate and Lt. Smith's response was "We're court security and we handle our own shit."

**ANSWER:** Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #37 of Plaintiff's Complaint.

38.     On July 1, 2018, Lt. Smith completed a performance evaluation claiming Plaintiff did not follow the chain of command, had a bad attitude, and did not get along with others. Lt. Smith recommended Plaintiff be transferred or put on 90-day probation to correct behavior. The evaluation was not brought to Plaintiff's attention until the termination of employment.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #38 of Plaintiff's Complaint.

39.     Lt. Smith frequently requested that Plaintiff accompany him to "Nap" (Indianapolis), and take rides in his Range Rover, to which Plaintiff always declined.

**ANSWER:**     Defendant DENIES these allegations contained in rhetorical Paragraph #39 of Plaintiff's Complaint.

40.     In addition to the rumors, Lt. Smith routinely made inappropriate comments to and about Plaintiff regarding her anatomy and made comments to court personnel about sexual acts he'd like to perform on Plaintiff.

**ANSWER:**     Defendant DENIES these allegations contained in rhetorical Paragraph #40 of Plaintiff's Complaint.

41.     On one occasion in July 2018, Lt. Smith stated to L. Clemons (court personnel) that he would "Take Plaintiff to 'Nap' (Indianapolis) and eat her dry." Mr. Clemons promptly informed Plaintiff of the comment.

**ANSWER:**     Defendant DENIES these allegations contained in rhetorical Paragraph #41 of Plaintiff's Complaint.

42.     Plaintiff was not the only female to experience sexual harassment by Lt. Smith. A prior court deputy was also harassed and the victim of various rumors of inappropriate sexual relationships with Lt. Smith. Upon continuously rebuffing Lt. Smith's advances, she was terminated.

**ANSWER:**   Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #42 of Plaintiff's Complaint.

43.   On July 15, 2018, Plaintiff's uncle passed away. Plaintiff requested bereavement time as outlined in the Lake County Policy Handbook on page 52. Lt. Smith denied her request.

**ANSWER:**   Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #43 of Plaintiff's Complaint.

44.   On July 15, 2018, on the same day Plaintiff later was informed that her brother was involved in a severe car accident. Plaintiff again requested time off to process.

**ANSWER:**   Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #44 of Plaintiff's Complaint.

45.   On July 16, 2018, when Plaintiff reported for her shift, she requested to speak with Lt. Smith. Lt. Smith initially ignored Plaintiff's request. When Plaintiff asked again Lt. Smith responded, "Whatever the fuck you have to tell me just text that shit to my phone."

**ANSWER:**   Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #45 of Plaintiff's Complaint.

46.   Plaintiff then requested her coworker and the probationer to step out but kept the door open as she proceeded to inform Lt. Smith of her uncle's passing and her brother's condition on life support. Plaintiff then requested time off to which Lt. Smith responded, "That's all you had to tell me? Hell, you could have text that shit to my phone. Like I told your ass earlier, people die every day and I still bring my ass to work and I haven't called off one day since I've been here so what do you want me to do?"

**ANSWER:**   Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #46 of Plaintiff's Complaint.

47.     Distraught, Plaintiff began to walk away when Lt. Smith yelled for her to return to the office and demanded that she complete an additional task.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #47 of Plaintiff's Complaint.

48.     Plaintiff traveled to visit her family on her own personal time over the weekend and returned in time to report to her shift on that following Monday.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #48 of Plaintiff's Complaint.

49.     On July 23, 2018, Plaintiff's brother was removed from life support and passed away. The next day Plaintiff again made Lt. Smith aware of the situation and provided him with the date of the funeral service (July 28, 2018) and requested July 27, 2018 off to travel to Texas for the services. Lt. Smith declined Plaintiff's request stating a "lack of manpower" and informed her she would have to schedule her flight after her shift.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #49 of Plaintiff's Complaint.

50.     When Plaintiff demanded to speak with her chain of command Lt. Smith threatened Plaintiff stating "Now you see what happened to Spiro mother fucking ass for going over my head, his ass is about to be out of here and you can follow him because what you fail to realize is that you don't run shit around here and your only job is to do what the fuck I tell you to do, now is that clear?"

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #50 of Plaintiff's Complaint.

-12-

51.     In the afternoon on July 27, 2018, Plaintiff was informed by Lt. Smith that due to seniority there was a schedule change and she would have to work on July 28, 2018, the date of her brother's funeral.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #51 of Plaintiff's Complaint.

52.     As a result of said last minute change, Plaintiff could not attend her brother's funeral.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #52 of Plaintiff's Complaint.

53.     During the week of July 22, 2018, through July 28, 2018, Plaintiff and fellow court security deputy P. Moton were assigned to work overtime to provide courthouse security during a trial. Plaintiff nor her coworker were paid for their overtime hours worked.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #53 of Plaintiff's Complaint.

54.      On August 20, 2018, Plaintiff was given a verbal reprimand for tardiness by Lt. Smith. Plaintiff was at work on time on the day in question. Plaintiff had arrived on time and requested permission to return to her vehicle to retrieve an item she had left. Plaintiff was granted permission, but upon her immediate return Lt. Smith recorded that she was tardy.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #54 of Plaintiff's Complaint.

55.     On August 21, 2018, Plaintiff received a written reprimand from Lt. Smith for neglect of duties for leaving sensitive information open on a computer. The computer was signed into with Lt. Smith's password which Plaintiff had no access to. Additionally, one Sgt. Sesson, who was the last to leave, informed Plaintiff that the computers were not on when he left and locked the office.

-13-

**ANSWER:**   Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #55 of Plaintiff's Complaint.

56.   On August 23, 2018 Lt. Smith sent the court deputies their work schedules and intentionally left Plaintiff off the message. A coworker informed Plaintiff of her assigned schedule but stated in the message "You didn't get this from me," evidencing the environment of fear and retaliation Lt. Smith that existed.

**ANSWER:**   Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #56 of Plaintiff's Complaint.

57.   Plaintiff reported to work timely despite Lt. Smith's efforts to impede Plaintiff's ability to report to duty on time.

**ANSWER:**   Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #57 of Plaintiff's Complaint.

58.   On August 23, 2018, after Plaintiff was reprimanded erroneously for tardiness on August 20, 2018, Lt. Smith informed Deputy John S., a white male officer, that he did not have to report at his scheduled time of 7:30 am after Deputy John S. stated that he had "just woken up and would get there when he could." Deputy John S. report time was changed to 8:30 am. Deputy John S. arrived after his scheduled time of 8:30 am but wrote a sign in time of 8:15 am. He was not reprimanded.

**ANSWER:**   Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #58 of Plaintiff's Complaint.

59.   On September 18, 2018, upon arriving on duty, Plaintiff informed Deputy Spiro that her taser had been malfunctioning for months. Spiro advised that it may need new batteries or resetting and asked if Plaintiff had advised Lt. Smith of the issue. Plaintiff informed Spiro that she had, but Lt. Smith had refused to rectify the issue.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #59 of Plaintiff's Complaint.

60.     On September 18, 2018, as Plaintiff returned from her lunch break Spiro stated, "Just let me give you a quick heads up, and you did not get this from me. I was told to check and see if you were wearing your taser because the first time you report for duty without it, Lt. Smith is sending your ass home and writing you up for reporting to work out of uniform."

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #60 of Plaintiff's Complaint.

61.     Plaintiff had advised Lt. Smith via text message that her taser was malfunctioning and she needed to bring it to him to be repaired. Lt. Smith responded and stated, "Keep your taser until the taser class. The instructor/repairer will handle it then, there are no replacements at this time."

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #61 of Plaintiff's Complaint.

62.     On September 19, 2018, Lt. Smith texted Plaintiff and asked, "Are you wearing that taser today?" to which Plaintiff replied, "Yes sir."

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #62 of Plaintiff's Complaint.

63.     On September 19, 2018, Lt. Smith called Plaintiff on her personal cell phone and stated for Plaintiff to "Lock up her taser at her home in her gun safe until the taser certification class in October."

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #63 of Plaintiff's Complaint.

64. On September 19, 2018, confused by the conflicting instructions, Plaintiff emailed Commander Eaton the text message conversation between she and Lt. Smith along with the information she received via phone call.

**ANSWER:** Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #64 of Plaintiff's Complaint.

65. On September 20, 2018, Deputy Nettles text messaged Plaintiff the phone number for Sgt. Poe, taser instructor, to inspect her taser.

**ANSWER:** Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #65 of Plaintiff's Complaint.

66. On September 21, 2018, Deputy Nettles informed Plaintiff that Sgt. Poe tested her taser and the battery was dead, but Sgt. Poe had replaced the battery and it was working.

**ANSWER:** Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #66 of Plaintiff's Complaint.

67. On September 21, 2018, Plaintiff retrieved her repaired taser from Sgt. Poe. Plaintiff continued to carry it on her person.

**ANSWER:** Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #67 of Plaintiff's Complaint.

68. On September 28, 2018, Lt. Smith wrote up a verbal reprimanded with a recorded date of October 3, 2018. Plaintiff was reprimanded for challenging the authority of her supervisor by not following her supervisor's instructions to lock up her taser until taser training. Plaintiff was presented with the verbal reprimand by Sgt. Foster on October 9, 2018.

**ANSWER:** Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #68 of Plaintiff's Complaint.

69.     On October 9, 2018, Plaintiff arrived to work around 7:30 am and signed in. Plaintiff's shift began at 9:00 am, but plaintiff often arrived early to purchase breakfast from the café.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #69 of Plaintiff's Complaint.

70.     On October 9, 2018, Sgt. Foster commented that Plaintiff was early then later scribbled out Plaintiff's sign in and sign out entry. Sgt. Foster then erroneously reported Plaintiff as tardy.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #70 of Plaintiff's Complaint.

71.     Sgt. Foster questioned Plaintiff regarding there being an inappropriate sexual relationship between Lt. Smith and Plaintiff. Plaintiff replied "No" and informed Sgt. Foster that she was married to which Sgt. Foster replied, "That don't mean shit."

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #71 of Plaintiff's Complaint.

72.     On October 9, 2018, Plaintiff was informed by a court employee that Sgt. Foster and Lt. Smith were trying to get rid of her and that Sgt. Foster had been speaking ill of Plaintiff around everyone.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #72 of Plaintiff's Complaint.

73.     On October 9, 2018, Plaintiff was informed by a separate court employee that Sgt. Foster had discussed Plaintiff and stated that "She uses what is between her legs to get what she wants, that's how she got here." Sgt. Foster continued and stated that Plaintiff had slept with Lt. Smith and Commander Eaton. Sgt. Foster then allowed the court employee to read Plaintiff's

reprimand. Said court employee took a picture of the reprimand and provided it to Plaintiff as Sgt.

Foster had refused to provide Plaintiff a copy.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #73 of Plaintiff's Complaint.

74.     Sgt. Foster continued the rumors and false accusations by stating that Plaintiff's taser

was removed from Plaintiff because she was "using it on her on her husband" and "beats his ass."

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #74 of Plaintiff's Complaint.

75.     On October 10, 2018, Plaintiff received yet another reprimand from Lt. Smith and

when Plaintiff refused to sign Lt. Smith stated, "You need to start looking for another job you're not

a good fit here." And, "If I knew your mother fucking ass wasn't fucking, I would have never hired

your ass!"

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #75 of Plaintiff's Complaint.

76.     On October 10, 2018, Plaintiff met with Commander Eaton and advised him of the

statement Lt. Smith made and expressed concern over the disparate treatment she had received.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #76 of Plaintiff's Complaint.

77.     On October 15, 2018, Sgt. McLoughlin informed Plaintiff that Lt. Smith stated that

Plaintiff was not to "call or fucking text Lt. Smith's phone not even for training" and that she was

to report directly to Sgt. McLoughlin.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #77 of Plaintiff's Complaint.

78.     On October 17, 2018, Plaintiff was interviewed for three (3) hours by Internal Affairs investigators Corporal L. Thurmond and Commander Stewart. Plaintiff was never informed if the result of the investigation was substantiated or unsubstantiated.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #78 of Plaintiff's Complaint.

79.     On October 31, 2018, Plaintiff contacted Human Resources and requested a complaint form. Plaintiff was never provided a form.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #79 of Plaintiff's Complaint.

80.     On November 5, 2018, Sgt. McLoughlin advised Plaintiff that Lt. Smith informed him that Plaintiff could no longer wear her Lake County Sheriff's Office sweatshirt and had to wear a Lake County Sheriff's Office zip up hooded sweatshirt or a Lake County Sheriff's Office jacket. Lt. Smith had also informed Sgt. McLoughlin to watch for Plaintiff's portable heater. Several deputies and sergeants also had portable heaters due to weather conditions.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #80 of Plaintiff's Complaint.

81.     The sweatshirt in question was issued by Lt. Smith once deputies purchased them.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #81 of Plaintiff's Complaint.

82.     On November 6, 2018, Sgt. McLoughlin informed Plaintiff Sgt. Foster was in route to provide Plaintiff transfer documents. Instead, Plaintiff was presented with a reprimand along with three (3) photos taken by Lt. Smith on November 3, 2018 pertaining to Plaintiff's sweatshirt and cell phone usage. Plaintiff was outside on her break during her cell phone usage.

**ANSWER:**    Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #82 of Plaintiff's Complaint.

83.    Male deputies Nettles and Gavin had also worn their Lake County Sheriff's Office sweatshirts. To Plaintiff's knowledge they were not reprimanded.

**ANSWER:**    Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #83 of Plaintiff's Complaint.

84.    On November 6, 2018, Lt. Smith and Deputy P. Moton approached Plaintiff. Lt. Smith proceeded to ask Plaintiff what was going on with her and why was she so mean and not speaking to anyone. He then informed Plaintiff that he wanted her to go back to the "old her" he first hired. He then stated, "Anything that I ask you to do you can definitely get your job done no questions asked, but until you learn there is only one person running this department and until you realize it is my decision to determine whether you stay or not, because you could have been gone a long time ago."

**ANSWER:**    Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #84 of Plaintiff's Complaint.

85.    Lt. Smith then proceeded to ask Plaintiff what location she would like to be assigned, to leverage his authority. Plaintiff replied that it did not matter to her and informed Lt. Smith that he and Plaintiff could not be in the same building. Plaintiff then requested a copy of her reprimand. Her request was denied.

**ANSWER:**    Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #85 of Plaintiff's Complaint.

86.    On November 26, 2018, Plaintiff observed Lt. Smith in a Lake County Court Security vehicle in her apartment complex.

**ANSWER:** Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #86 of Plaintiff's Complaint.

87. Lt. Smith would frequently remove the personnel files of LCSD court deputies and take them home. These documents contained personal information such as social security numbers and addresses.

**ANSWER:** Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #87 of Plaintiff's Complaint.

88. Plaintiff was informed by former Court Security Deputy L. Janigan that when she declined Lt. Smith's sexual advances and misconduct, she began to receive baseless reprimands and harassment from Lt. Smith and Sgt. Foster. After Ms. Janigan was terminated, Lt. Smith obtained her home address from her personnel file and subsequently traveled to her home without advanced notice or an invitation.

**ANSWER:** Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #88 of Plaintiff's Complaint.

89. On November 30, 2018, Lt. Smith was terminated from his position at Lake County Sheriff's Department, Court Security Division.

**ANSWER:** Defendant DENIES the allegation of "termination", and is without Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in rhetorical Paragraph #89 of Plaintiff's Complaint.

90. Despite Lt. Smith's termination, Plaintiff continued to be the subject scurrilous rumors, unfair and disparate treatment, discrimination, retaliation and ostracism in her workplace.

**ANSWER:** Defendant DENIES the allegation of "termination", and is without Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in rhetorical Paragraph #90 of Plaintiff's Complaint.

91.     On February 27, 2019, Deputy. D. Gray stated to Plaintiff, "What's wrong with you people? Always trying to sneak upstairs. They don't want you type of people upstairs" referring to Plaintiff's ethnicity.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #91 of Plaintiff's Complaint.

92.     On April 2, 2019, Plaintiff was assigned as a floater to relieve court deputies for their breaks. Plaintiff arrived on time to relieve Deputy P. Moton for his fifteen (15) minute break. When Deputy P. Moton did not return on time Plaintiff attempted to call out to him to return, as he was within Plaintiff's purview. He ignored her. When Plaintiff stepped away from the post to ask P. Moton, who was conversing with others, to return she was reprimanded by Sgt. Kouder for violation of a direct order and abandoning her post. Although it was Deputy Moton's post, he was not reprimanded.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #92 of Plaintiff's Complaint.

93.     On April 4, 2019, while recently off-duty and still dressed in her uniform, Plaintiff went to Meijers, located on 611 W. Lincoln Highway in Merrillville, Indiana when she encountered her fellow court deputy, L. Lemus still in his LCSD uniform as well.  Deputy Lemus threatened to slash Plaintiff's throat by making the "cutting throat" gesture at Plaintiff, who was with her son at the time. Plaintiff reported the incident the following day and the incident was even confirmed by Deputy Lemus himself who informed Sgt. Foster of his actions. Plaintiff has no knowledge of any actions taken regarding his conduct.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #93 of Plaintiff's Complaint.

94.     Plaintiff, who had over four (4) years fingerprinting experience, requested on numerous occasions to be transferred to the Civil Division for the open fingerprint position. On April 12, 2019, Plaintiff was informed by Officer M. Harvey that newly hired Deputy B. Tomniko, a white male, whose father and brother also were employed by LCSD in the Patrol Division, would start training for the position on April 15, 2019.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #94 of Plaintiff's Complaint.

95.     On June 7, 2019, Plaintiff requested to speak with A. Higgs, Maintenance Supervisor, regarding ongoing issues she was experiencing with Tim, a court maintenance employee. Tim was spreading rumors about Plaintiff and advising the male employees to "stay from Plaintiff because she is trouble and likes to record conversations men." Tim also stated that "Plaintiff is the reason Lt. Smith was fired because she was sleeping with him at Oscar Martinez's campaign office." Plaintiff also complained about this individual to her chain of command.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #95 of Plaintiff's Complaint.

96.     On June 14, 2019, Plaintiff arrived early for her shift, as was her customary practice. When her shift began, she reported to her post. However, her post was fully occupied by other deputies leaving her nowhere to sit. Plaintiff reported this to her chain of command, Sgt. Kouder, while continuing to stand at her post. Plaintiff never left the purview of her post, yet she received a written reprimand on June 24, 2019, for insubordination and making a false official report. Unbeknownst to Plaintiff, with this unsubstantiated reprimand, Sgt. Kouder recommended Plaintiff for termination.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #96 of Plaintiff's Complaint.

97.     On July 2, 2019, Plaintiff received a text message from Sgt. Kouder that stated, "Yesterday's report was clear and concise and factual. Contraband was properly packaged for chain of custody. Good job."

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #97of Plaintiff's Complaint.

98.     On July 3, 2019, Plaintiff received a message from Sgt. Kouder informing Plaintiff to report to the chief's office at 2:00 pm.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #98 of Plaintiff's Complaint.

99.     When Plaintiff reported to the chief's office, she was informed that she "wasn't a good fit" for the department. The decision, Plaintiff was told, was made based upon the reprimands she received, including those previously received from Lt. Smith, though retaliatory. Plaintiff was never provided the opportunity to present information that proved she had been erroneously reprimanded.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #99 of Plaintiff's Complaint.

100.     Since Plaintiff's termination, she has been unable to secure employment within the law enforcement sector.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #100 of Plaintiff's Complaint.

101.     During Plaintiff's interview process, she was informed that her potential employer had received a packet of information from LCSD alleging Plaintiff was "racist against white people"

and full of complaints and comments that Plaintiff had not been made aware of during her employment with LCSD Court Security Division. As a result, Plaintiff was not offered employment with the potential employer.

**ANSWER:** Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #101 of Plaintiff's Complaint.

102. Plaintiff has been rejected from over one hundred (100) potential employers since her termination from LCSD.

**ANSWER:** Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #102 of Plaintiff's Complaint.

**COUNT I:**
**SEXUAL HARASSMENT**

103. Plaintiff incorporates as if fully restated all the allegations previously written.

**ANSWER:** Defendant re-alleges and incorporates by reference his Answers to all proceeding Paragraphs 1 through 102 of Plaintiff's Complaint, as if fully set forth herein.

104. Plaintiff was subjected to unwelcome, offensive and harassing sexually discriminatory conduct during her employment with Defendant LCSD which was perpetrated upon her by coworkers., and her superiors, Lt. Smith and Sgt. Foster and that this conduct was based upon and directed at Plaintiff by reason of her gender.

**ANSWER:** Defendant DENIES these allegations contained in rhetorical Paragraph #104, Count I, of Plaintiff's Complaint.

105. Plaintiff was threatened and intimidated from reporting the sexually discriminatory conduct. Plaintiff's fellow coworkers also noticed the sexually discriminatory conduct but were also intimidated by the prospect of losing their employment.

**ANSWER:** Defendant DENIES these allegations contained in rhetorical Paragraph #105, Count I, of Plaintiff's Complaint.

106.     When Plaintiff dared have the courage to report the above-mentioned behavior, she was met with retaliation, further discrimination, ostracism, and isolation.

**ANSWER:**     Defendant DENIES these allegations contained in rhetorical Paragraph #106, Count I, of Plaintiff's Complaint.

107.     This sexually harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive working environment.

**ANSWER:**     Defendant DENIES these allegations contained in rhetorical Paragraph #107, Count I, of Plaintiff's Complaint.

108.     Defendants fostered a work environment so pervasive and hostile that Plaintiff was often left with no effective channels of recourse.

**ANSWER:**     Defendant DENIES these allegations contained in rhetorical Paragraph #108, Count I, of Plaintiff's Complaint.

109.     During the times referenced herein, Plaintiff was the subject of multiple false rumors of having sexual relationships with co-workers, of engaging in sexual acts for her superiors, and was openly questioned about parts of her body by Lt. Smith and her sexual relationships by Sgt. Foster in front of other co-workers. No corrective action was taken against Lt. Smith or Sgt. Foster for such conduct.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #109, Count I, of Plaintiff's Complaint.

110.     Said multiple comments and harassment ruined the reputation and credibility of Plaintiff, the only African American female deputy in the entire Court Security Division and created an atmosphere of hostility which severely damaged the reputation in the eyes of her coworkers and superiors.

**ANSWER:**   Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #110, Count I, of Plaintiff's Complaint.

111.   Plaintiff was a victim of retaliatory conduct on the part of Defendants.

**ANSWER:**   Defendant DENIES these allegations contained in rhetorical Paragraph #111, Count I, of Plaintiff's Complaint.

112.   Moreover, this conduct was ongoing and pervasive and constituted a "continuing violation" of Plaintiff's right. During the course of her employment, Plaintiff was forced to work in a sexually discriminatory and hostile environment. LCSD Court Division's command was put on notice of the sexually suggestive nature of its employee, Lt. Smith., and failed to take immediate corrective action, all to Plaintiff's detriment.

**ANSWER:**   Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #112, Count I, of Plaintiff's Complaint.

113.   Plaintiff continued to experience retaliation and received reprimands at the direction of Lt. Smith after she complained of his sexually discriminatory behavior and sexual harassment.

**ANSWER:**   Defendant DENIES these allegations contained in rhetorical Paragraph #113, Count I, of Plaintiff's Complaint.

114.   LCSD Court Division's command was aware of the hostile work environment acquiesced in the environment. Plaintiff was not the first to experience Lt. Smith's sexual harassment and unwanted sexual advances. The Court Division, court employees, and court patrons were all on notice of Lt. Smith's behaviors. No official action was taken to change the atmosphere of LCSD.

**ANSWER:**   Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #114, Count I, of Plaintiff's Complaint.

115.   Lt. Smith's actions were open and obvious to other employees, both superiors and subordinates at LCSD.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #115, Count I, of Plaintiff's Complaint.

116.     Plaintiff was subject to both hostile work environment and quid pro quo sexual harassment.

**ANSWER:**     Defendant DENIES these allegations contained in rhetorical Paragraph #116, Count I, of Plaintiff's Complaint.

117.     As a direct and proximate result of the harassing and hostile sexual environment inflicted by her superiors Lt. Smith and Sgt. Foster, as well as her coworkers in the Court Division, Plaintiff suffered great embarrassment, humiliation and mental and physical anguish.

**ANSWER:**     Defendant DENIES these allegations contained in rhetorical Paragraph #117, Count I, of Plaintiff's Complaint.

## <u>COUNT II:</u>
## SEX DISCRIMINATION

118.     Plaintiff incorporates as if fully restated all of the allegations previously written.

**ANSWER:**     Defendant re-alleges and re-incorporates by reference his Answers to all proceeding Paragraphs #1 through 117 of Plaintiff's Complaint, as if fully set forth herein.

119.     During the course of Plaintiff's employment with Defendants, the Defendants, by and through its agents and employees, discriminated against the Plaintiff in the terms, conditions, and privileges of employment in various ways, in substantial part because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. Seq.

**ANSWER:**     Defendant DENIES these allegations contained in rhetorical Paragraph #119, Count II, of Plaintiff's Complaint

120.     The above-described unwelcome sex discrimination created an intimidating, oppressive, hostile, and offensive work environment which interfered with Plaintiff's emotional and physical well-being.

-28-

**ANSWER:**   Defendant DENIES these allegations contained in rhetorical Paragraph #120, Count II, of Plaintiff's Complaint.

121.   Plaintiff was treated disparately than persons similarly situated with her who were male, and such disparate treatment created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional and physical well-being.

**ANSWER:**   Defendant DENIES these allegations contained in rhetorical Paragraph #121, Count II, of Plaintiff's Complaint.

122.   As a result of the hostile and offensive work environment perpetrated by Defendant's agents Lt. Smith, Sgt. Foster and its employees, and maintained by the Defendant LCSD, and LCSD's failure to protect Plaintiff from such discrimination, the Plaintiff suffered humiliation, emotional distress, and physical pain.

**ANSWER:**   Defendant DENIES these allegations contained in rhetorical Paragraph #122, Count II, of Plaintiff's Complaint.

123.   Defendant LCSD through its agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Lt. Smith, Sgt. Foster and its employees as described above.

**ANSWER:**   Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #123, Count II, of Plaintiff's Complaint

124.   Defendant LCSD failed to take all reasonable and necessary steps to eliminate sex discrimination from the workplace and to prevent it from occurring in the future.

**ANSWER:**   Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #124, Count II, of Plaintiff's Complaint

125.   As a further direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964 as described, Plaintiff has been compelled to retain the services of counsel in an effort to seek relief for the conditions of the employment relationship Plaintiff was subjected

to with LCSD and has thereby incurred and will continue to incur legal fees and costs, the full nature

and extent of which are presently unknown to Plaintiff.

**ANSWER:**      Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #125, Count II, of Plaintiff's Complaint.

<u>**COUNT III:**</u>
**SEX DISCRIMINATION**

126.      Plaintiff incorporates as if fully restated all of the allegations previously written.

**ANSWER:**      Defendant re-alleges and incorporates by reference his Answers to all proceeding Paragraphs #1 through 125, Counts I through II of Plaintiff's Complaint, as if fully set forth herein.

127.      By agreeing to recommend for transfer or promotion and thereby transferring and

giving a position to a male employee over a female employee who met or exceeded requirements,

and who possessed equal or greater job experience than those recommended for promotion or

transfer, the Defendants violated the Civil Rights Act(as amended), 42. U.S.C. 2000 (et. seq).

**ANSWER:**      Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #127, Count III, of Plaintiff's Complaint.

128.      By erroneously reprimanding Plaintiff for actions that her male coworkers had taken

and not reprimanding said similarly situated male coworkers, the Defendants violated the Civil

Rights Act (as amended), 42 U.S.C. 2000 (et. seq).

**ANSWER:**      Defendant DENIES these allegations contained in rhetorical Paragraph #128, Count III, of Plaintiff's Complaint.

## COUNT IV:
## RACE DISCRIMINATION

129.    Plaintiff incorporates as if fully restated all of the allegations previously written.

**ANSWER:**    Defendant re-alleges and re-incorporates by reference his Answers to all proceeding Paragraphs 1 through 128; Counts I through III of Plaintiff's Complaint, as if fully set forth herein.

130.    By agreeing to recommend for transfer or promotion and thereby transferring and giving a position to a white male employee over an African American female employee who met or exceeded requirements, and who possessed equal or greater job experience than those recommended for promotion or transfer, the Defendants violated the Civil Rights Act (as amended), 42. U.S.C. 2000 (et. seq).

**ANSWER:**    Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #130, Count IV, of Plaintiff's Complaint.

## COUNT V:
## RETALIATION

131.    Plaintiff incorporates as if fully restated all of the allegations previously written.

**ANSWER:**    Defendant re-alleges and incorporates by reference his Answers to all proceeding Paragraphs 1 through 130; Counts I through IV, of Plaintiff's Complaint, as if fully set forth herein.

132.    As herein alleged, the Defendants, by and through its officers, agents and/or its supervisors, illegally retaliated against Plaintiff by unjustly subjecting her to unjust scrutiny, baseless reprimands, false allegations of misconduct and unwelcome and derisive comments solely because she had reported the aforementioned sex discrimination and sexual harassment. Defendants had no

legitimate reasons for any such acts. Each said act of retaliation is in violation of Title VII of the Civil Rights Act of 1964.

**ANSWER:**    Defendant DENIES these allegations contained in rhetorical Paragraph #132, Count V, of Plaintiff's Complaint.

133.    Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, the Defendants may have engaged in other discriminatory practices against her which are not yet fully known. At such time as such discriminatory practices become known, Plaintiff will seek leave of Court to amend this Complaint in that regard.

**ANSWER:**    Defendant DENIES these allegations contained in rhetorical Paragraph #133, Count V, of Plaintiff's Complaint.

134.    As a direct and proximate result of the Defendant's willful, knowing, and intentional discrimination and retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer pain, humiliation and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

**ANSWER:**    Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #134, Count V, of Plaintiff's Complaint.

135.    As a further direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964, as described, Plaintiff has been compelled to retain the services of counsel in an effort to seek relief for the conditions of the employment relationship Plaintiff was subjected to with LCSD and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

**ANSWER:**    Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #135, Count V, of Plaintiff's Complaint.

136.    Plaintiff is informed and believes, and based thereon alleges, that the Defendant's conduct as described above was willful, wanton, malicious, and done in reckless disregard for the safety and well-being of Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from the Defendants in a sum according to proof at trial.

**ANSWER:**    Defendant DENIES these allegations contained in rhetorical Paragraph #136, Count V of Plaintiff's Complaint.

<u>**COUNT VI:**</u>
**RETALIATION**

137.    Plaintiff incorporates as if fully restated all of the allegations previously written.

**ANSWER:**    Defendant re-alleges and incorporates by reference his Answers to all proceeding Paragraphs 1 through 136, Counts I through V of Plaintiff's Complaint, as if fully set forth herein.

138.    On July 3, 2019, was contacted and told to report to the chief's office at 2:00 p.m.

**ANSWER:**    Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #138, Count VI of Plaintiff's Complaint.

139.    When Plaintiff arrived, she was informed that was not a "good fit" and was being terminated. Plaintiff was informed that the decision was based upon the reprimands she had received, including those received from Lt. Smith.

**ANSWER:**    Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #139, Count VI of Plaintiff's Complaint.

140.    Plaintiff had cooperated with an internal affairs investigation several months prior and provided information proving the reprimands she received from Lt. Smith were groundless.

**ANSWER:**    Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #140, Count VI of Plaintiff's Complaint.

141.    During the time after Plaintiff rebuffed sexual advances and reported sexual harassment, Plaintiff was regularly singled out and reprimanded for actions that she did not take or were the same as her male counterparts, in Defendants effort to terminate her in violation of Title VII of The Civil Rights Act of 1964, as amended.

**ANSWER:**    Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #141, Count VI of Plaintiff's Complaint.

142.    Plaintiff continued to experience and receive retaliatory actions due to exercising her rights to report Lt. Smith, even after Lt. Smith was no longer employed by LCSD. This is evidenced by comments continuously made by Plaintiff's superiors that she had engaged in a sexual relationship with Lt. Smith, and as such was responsible for his termination.

**ANSWER:**    Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #142, Count VI of Plaintiff's Complaint.

143.    The additional reprimands Plaintiff received were also unsubstantiated and given as a pretext for retaliation, discrimination and unlawful termination.

**ANSWER:**    Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #143, Count VI of Plaintiff's Complaint.

144.    The acts and omissions of Defendant LCSD were outrageous, wanton, intentional, reckless and in deliberate disregard of Plaintiff's established rights.

**ANSWER:**    Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #144, Count VI of Plaintiff's Complaint.

## COUNT VII:
## RETALIATION

145.    Plaintiff incorporates as if fully restated all of the allegations previously written.

**ANSWER:**  Defendant re-alleges and re-incorporates by reference his Answers to all proceeding Paragraphs 1 through 144, Counts I through VI of Plaintiff's Complaint, as if fully set forth herein.

146.    On February 20, 2020, Plaintiff was informed by a potential employer that they had received unsolicited documentation totaling over forty pages, alleging and describing false claims pertaining to Plaintiff's employment with LCSD.

**ANSWER:**  Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #146, Count VII of Plaintiff's Complaint.

147.    Per LCSD's policy handbook (pg. 27), previous employment is only to be verified according to start and end date and pay rate. No detailed information is to be provided.

**ANSWER:**  Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #147, Count VII of Plaintiff's Complaint.

148.    Defendant LCSD has further retaliated against Plaintiff beyond her employment and has further impeded her in an attempt to blacklist Plaintiff in the law enforcement industry. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from the Defendants in a sum according to proof at trial.

**ANSWER**:  Defendant is without sufficient knowledge or information to admit or deny these allegations contained in rhetorical Paragraph #148, Count VII of Plaintiff's Complaint.

WHEREFORE, Defendant, TERRY WAYNE SMITH, prays that the Plaintiff take nothing by way of her Complaint, that judgment be entered in favor of the Defendant and against the Plaintiff on all claims and relief prayed for in the Complaint, that Defendant be granted all relief, including attorney fees, to the extent they may be entitled to same under Rule 11, I.C. 34-13-3-21 and/or I.C. 34-13-4-4, and for all other just and proper relief under the premises.

/s/ Casey J. McCloskey
Casey J. McCloskey, #18766-45
Attorney at Law
9111 Broadway, Suite GG
P.O. Box 10607
Merrillville, IN 46411
Ph:     (219) 738-2978
Fax:    (219) 738-2818
Email: attymccloskey@hotmail.com

## AFFIRMATIVE DEFENSES

Comes now the Defendant, TERRY WAYNE SMITH, by counsel, Casey J. McCloskey, and for affirmative defenses to the claims of the Plaintiff in this action, state as follows:

1.      The Complaint fails to state a claim on which relief can be granted.

2.      Any allegations not specifically admitted, denied, or controverted in the Complaint are now hereby DENIED.

3.      All or some of the claims of the Plaintiff are barred by the applicable statute of limitations and/or the doctrine of laches.

4.      Plaintiff's claimed injuries and damages were caused in full or in part by nonparties.

5.      Plaintiff is barred from recovering any damages that could have been avoided with reasonable effort by utilizing Lake County Government's internal complaint and grievance procedures.

6.      Defendant was not an "employer" as that term is defined in federal law and

-36-

under Title VII of the Civil Rights Act of 1964, as amended, or under any other law cited or relied upon by Plaintiff as a basis for any of her claims.

7.   Plaintiff asserts claims that were not timely or properly alleged in her Charge of Discrimination, and claims not contained in a Charge of Discrimination are barred from this action as the Court lacks subject matter jurisdiction over all such claims.

8.   Plaintiff failed to timely report any harassment, intimidation or discrimination to the appropriate persons in the chain of command, and/or failed to follow the grievance and other procedures provided by Lake County Personnel Policy.

9.   Plaintiff failed to exhaust all state judicial and/or administrative remedies, and such failure deprives the court of jurisdiction over the claims and the parties hereto.

10.   Similarly-situated employees outside of the alleged protected class were not treated more favorably than Plaintiff.

11.   Defendant is entitled to statutory and/or qualified immunity for personnel decisions made within the scope of his authority.

12.   To the extent Plaintiff has failed to mitigate her damages, her respective claims for damages are barred.

13.   Defendant relies upon the further affirmative defenses of estoppel, waiver, failure of condition precedent, res judicata, and any matter that constitutes an avoidance or defense.

14.   Defendant has acted in good faith at all times in his dealings with Plaintiff, and

has not engaged in any intentional or willful discrimination, retaliation, or misconduct, nor has he engaged in a discriminatory or retaliatory practice with malice or reckless indifference to the federally protected rights of the Plaintiffs.

15.    Any employment decision made by Defendant concerning or affecting the Plaintiff was based on legitimate, nondiscriminatory, and reasonable factors other than any federally protected characteristic of the Plaintiff or any legally protected right that Plaintiff may have exercised.

16.    Plaintiff's claims must be dismissed because Defendant has exercised reasonable care to prevent and properly correct any alleged discriminatory conduct in the workplace.

17.    Plaintiff's claims must be dismissed because Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by Lake County Government, or to avoid her alleged harm otherwise.

18.    Plaintiff's claims must be dismissed because Defendant did not aid, abet, ratify, condone, encourage or acquiesce in any alleged discriminatory conduct.

19.    Defendant is not subject to the doctrine of respondeat superior, and cannot be held liable, for the conduct of subordinates that may have resulted in any alleged violation of the Plaintiff's constitutional rights.

20.    Any and all actions which could be considered to be adverse, taken by Defendant against Plaintiff, were taken pursuant to a legitimate and non-discriminatory reason, which Defendant reasonably believed at the time the actions were taken.

21.    Defendant honestly and in good faith believed the reasons given for taking any

-38-

actions allegedly taken against any Plaintiff, and therefore Plaintiff cannot establish that Defendant's legitimate justifications for its actions are pretextual.

22.    To the extent Plaintiff is making claims for humiliation, fright, emotional distress and/or damages to reputation, said claims fail to state a cause of action and/or are barred under federal law and should be dismissed.

23.    The actions of the Defendant were objectively reasonable, for a legitimate business purpose and did not violate any clearly established rule or principle of federal law or any rights of the Plaintiff that a reasonable person would have known.

24.    Plaintiff is barred under federal law from recovering punitive damages against the Defendant on all claims.

25.    The actions taken by Defendant, with regard to Plaintiff, are rationally related to a legitimate state, county, governmental, and/or public interest, and are not taken in bad faith or for any discriminatory or unlawful purpose.

26.    Plaintiff fails to state a cause of action against Defendant as the Complaint fails to contain sufficient allegations of any official policy, custom, or practice or any breach thereof by Defendant.

27.    The race of Plaintiff was not the sole or proximate cause of the actions allegedly taken against Plaintiff by Defendant.

28.    Any harassment and/or intimidation alleged by Plaintiff (assuming, for the sake of argument, that Plaintiff's allegations are true) was not so severe and pervasive as to alter the terms and conditions of her employment and/or constitute a hostile environment.

29.     Plaintiff was a willing participant in the office banter or chatter which she

now alleges as a basis for her claims of a hostile environment.

30.     Plaintiff has failed to mitigate damages incurred as a result of any act of Defendant;

to the extent Plaintiff has failed to mitigate her damages, her respective claims and

damages are barred.

31.     The claims against Defendant are subject to and/or barred by the doctrine of

absolute immunity.

32.     The claims against Defendant are subject to and/or barred by the doctrine of

qualified immunity, as the alleged acts or omissions of the Defendant did not violate

any federal rights of the Plaintiff that were objectively and clearly established at the

times alleged in the Complaint.

33.     The claims against the Defendant are subject to and/or barred by the doctrine

of "quasi-judicial immunity."

34.     Defendant is entitled to immunity regarding tort claims pursuant to the

Indiana Tort Claims Act.

35.     The claims of Plaintiff, and any injuries and damages resulting therefrom,

are subject to and/or barred or limited by the doctrines of contributory negligence,

assumption of risk, and incurred risk.

36.     That Plaintiff is barred by operation of law from recovering any punitive

damages against Defendant.

37.     The Defendant is immune from liability for damages on all tort claims, by

operation of the Indiana Tort Claims Act and Plaintiff's failure to comply with the

pre-suit notice and other procedural requirements of that statute.

38.     Defendant did not, at any time, act with the requisite intent to have

committed the intentional tort of Intentional Infliction of Emotional Distress as

alleged by Plaintiff.

39.     Defendant is entitled to attorney's fees and costs pursuant to 42 U.S.C. §

1988, Ind. Code 34-13-3-21, and any other applicable law.

40.     Defendant reserves the right to amend or supplement these affirmative defenses

as discovery proceeds.


WHEREFORE, Defendant, TERRY WAYNE SMITH, prays that Plaintiff take nothing by

way of her Complaint, that Defendant be awarded his costs and reasonable attorney's fees incurred

in defense of this action, and for all other just and proper relief.


/s/ Casey J. McCloskey
Casey J. McCloskey,  #18766-45
Attorney at Law
Broadfield Center
9111 Broadway, Ste GG
P.O. Box 10607
Merrillville, IN 46411
Ph:     (219) 738-2978
Fax:    (219) 738-2818
Email: attymccloskey@hotmail.com


## CERTIFICATE OF SERVICE

I hereby certify that on **May 14, 2020**, a true and accurate copy of the above pleading or
document was served upon all counsel and parties of record via U.S. Mail, in envelopes properly

-41-

addressed with sufficient first-class postage affixed, and/or by electronic facsimile, email or the court's electronic case filing (ECF) system.

/s/ Casey J. McCloskey
Casey J. McCloskey #18766-45

Service List:

Crystal D. Martin; attycdmartin@gmail.com
John M. Kopack; john@kopack-law.com